UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JENNIFER JAMES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:14-cv-00136-CDL |
| EVEREST COLLEGE PHOENIX, INC., | ) ) ) |
| Defendant. | ) |

**AMENDED COMPLAINT**

COMES NOW the Plaintiff, JENNIFER JAMES ("Plaintiff"), by and through her attorneys, and for Plaintiff's Amended Complaint against Defendant, EVEREST COLLEGE PHOENIX, INC. ("Defendant"), Plaintiff alleges and affirmatively states as follows:

**INTRODUCTION**

1.  Plaintiff's Amended Complaint is based on Telephone Consumer Protection Act ("TCPA"), 28 U.S.C. § 227 *et seq*.

**JURISDICTION AND VENUE**

2.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331.

3.  Venue is proper pursuant to 28 U.S.C. 1391(b)(2) as the conduct giving rise to this action occurred in this district, as Plaintiff resides in this district and Defendant transacts business in this district.

**PARTIES**

4.  Plaintiff is a natural person who resides in Columbus, Muscogee County, Georgia.

5.  Defendant is a business entity with an office located at 10400 N. 25th Ave. #190, Phoenix, Arizona 85021.

6.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

7.      Defendant constantly and consistently places telephone calls to Plaintiff on Plaintiff's cellular telephone at (706) 530-64xx.

8.      Defendant calls Plaintiff from telephone numbers including, but not limited to, (480) 598-6991 and (706) 250-4959.

9.      When Defendant calls Plaintiff, a pre-recorded message plays informing Plaintiff to wait while connecting to a representative.

10.     Upon information and belief, based on the pre-recorded messages, each telephone call placed by Defendant to Plaintiff was placed using an automatic telephone dialing system or other equipment capable of storing and producing telephone numbers at sequential or random intervals to be dialed ("auto dialer").

11.     In or around April, 2014, Plaintiff spoke to Defendant's representative and requested that Defendant cease calling her cellular phone.

12.     Plaintiff never provided Defendant with consent to use an auto dialer to call her or to call her cellular phone.

13.     In the event any consent was previously given, Plaintiff revoked any such consent during the conversation in April, 2014.

14.     Despite Plaintiff's request to cease, Defendant continued to use an auto dialer to place calls to Plaintiff's cellular telephone without Plaintiff's consent.

15.     Defendant's continued calls to Plaintiff's cellular telephone include, but are not limited to:
   1) 5/1/2014 10:53 AM
   2) 5/1/2014 5:15 PM
   3) 5/3/2014 2:14 PM
   4) 5/4/2014 2:42 PM

       5) 5/4/2014 3:01 PM
       6) 5/5/2014 10:51 AM
       7) 5/5/2014 11:39 AM
       8) 5/5/2014 4:33 PM
       9) 5/5/2014 6:43 PM
      10) 5/5/2014 8:36 PM
      11) 5/6/2014 10:47 AM
      12) 5/6/2014 1:13 PM
      13) 5/6/2014 3:12 PM

16. Plaintiff is annoyed and feels harassed by Defendant's continued calls to her cellular telephone.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

17. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

18. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

19. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

20. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

21. All court costs, witness fees and other fees incurred; and

22. Any other relief that this Honorable Court deems appropriate.

                                            RESPECTFULLY SUBMITTED,

Date: November 4, 2014         By:  /s/ Shireen Hormozdi
                                                  Shireen Hormozdi
                                                  Krohn & Moss, Ltd.
                                                  10474 Santa Monica Blvd., Suite 405
                                                  Los Angeles, CA 90025
                                                  Tel: (323) 988-2400 x 267
                                                  Fax: (866) 829-5083
                                                  Email: shormozdi@consumerlawcenter.com

## **CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that on November 4, 2014, a true and correct copy of the forgoing was electronically filed with the Clerk of the Court using the CM/ECF with service on the following via transmission of Notices of Electronic Filing generated by CM/ECF:

    Kevin A. Maxim
    THE MAXIM LAW FIRM, P.C.
    1718 Peachtree St., NW
    Suite 599
    Atlanta, Georgia 30309
    *kmaxim@maximlawfirm.com*

                                                          /s/ Shireen Hormozdi
                                                         Shireen Hormozdi